# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

| | |
|---|---|
| In re: <br><br>     JEMSEK CLINIC, P.A., <br><br>          Debtor. | Case No.:  06-31766 <br> Chapter 11 <br> Judge J. Craig Whitley |
| In re: <br><br>     JOSEPH GREGORY JEMSEK <br><br>          Debtor. | Case No.:  06-31986 <br> Chapter 11 <br> Judge J. Craig Whitley |
| BLUE CROSS AND BLUE SHIELD OF NORTH CAROLINA, <br><br>     Plaintiff, <br>     Counterclaim Defendant and <br>     Counterclaim Plaintiff, <br> v. <br><br> JEMSEK CLINIC, P.A. and JOSEPH G. JEMSEK, M.D., an individual <br><br>     Defendants, <br>     Counterclaim Plaintiffs and <br>     Counterclaim Defendants. | Adversary Proceedings <br> No. 07-03006 (consolidated with No. 07-03008) |

### DEFENDANTS' AMENDMENT TO DEFENDANTS' MOTION FOR (1) AN ORDER STRIKING SETTLEMENT OF JEMSEK DEFENDANTS' COUNTERCLAIMS; (2) FOR AN ORDER REINSTATING DEFENDANTS' COUNTERCLAIMS; AND (3) FOR SANCTIONS

Come now Defendants Joseph Gregory Jemsek, M.D. ("Jemsek") and the Jemsek Clinic, P.A. (the "Jemsek Clinic," and collectively with Jemsek, the "Jemsek Defendants"), through counsel, and present this amendment to their Motion for (1) Order Striking Settlement of Jemsek Defendants' Counterclaims; (2) for an Order Reinstating Defendants' Counterclaims and (3) for Sanctions (the "Motion"). This amendment (the "Amendment") is submitted to narrow the

issues presented in the Jemsek Defendants' earlier-filed Motion and supporting memorandum of law filed with this Honorable Court on November 11, 2009. This Amendment is necessitated by concerns raised by Plaintiff, Blue Cross and Blue Shield of North Carolina ("Blue Cross") by and through its counsel, Emily Yinger of Hogan & Hartson. Although Ms. Yinger is not counsel of record for Blue Cross in this matter, she serves (or served) as counsel to Blue Cross in the matter of *Rick Love, M.D., et al. v. Blue Cross Blue Shield and Blue Shield Association et al.* (formerly *Thomas et al. v. Blue Cross and Blue Shield Association, et al.*), Case No. 1:03-CV-2196 FAM (the "Love Class Action") in the Southern District of Florida. Ms. Yinger sent the undersigned counsel a demand on December 7, 2009 that asserted that the Motion filed by the Jemsek Defendants violated the Order approving settlement of the Love Class Action entered by Judge Moreno. See Ms. Yinger's letter of December 7, 2009, attached hereto as Exhibit "A." Ms. Yinger, further on December 27, 2009, asked whether the undersigned would give due consideration to Judge Moreno's Order and "withdraw the motion to reinstate the [counter]claims," which would render her potential motion for contempt before Judge Moreno moot. See Ms. Yinger's December 27, 2009 e-mail correspondence, attached hereto as Exhibit "B."

Without waiving any future right of the Jemsek Defendants to address the issues raised by Ms. Yinger in any Court, the Jemsek Defendants amend their Motion and withdraw any demand to "reinstate the counterclaims" that were withdrawn, without prejudice, pursuant to an Order entered in this adversary proceeding on December 17, 2008. The Jemsek Defendants, however, continue to assert their claims for any and all sanctions relative to Plaintiff's discovery abuses, as set forth in the Motion. Further, the Jemsek Defendants continue to assert their claim that any settlement of this adversary proceeding that they have been deemed to have entered into

as debtors-in-possession pursuant to the settlement of the <u>Love</u> Class Action, is subject to this Court's discretionary review pursuant to Rule 9019 of the Fed. R. Bankr. P. and the standards applicable thereto, including but not limited to, the best interests of creditors.

On December 14, 2009, Plaintiff filed and served its Opposition to the Motion, and the Jemsek Defendants will file a Reply on or before January 8, 2010 as required by the Order entered in this case on November 24, 2009. A hearing on this matter has been scheduled for January 19, 2010.

As indicated in the Motion, the Jemsek Defendants emphasize that any relief requested in the Motion and this Amendment is restricted to addressing issues in this adversary proceeding that fall squarely within this Court's jurisdiction and sound discretion, and neither the Motion nor this Amendment are intended to reflect, by the Jemsek Defendants or their counsel, a request that this Court interpret the <u>Love</u> Class Action settlement or to otherwise impinge on matters that are subject to Judge Moreno's retention of jurisdiction in the <u>Love</u> Class Action.

WHEREFORE, the Jemsek Defendants pray that the Court will enter an Order:

1) Providing for a review of the <u>Love</u> Class Action settlement as it applies in this adversary proceeding pursuant to Rule 9019 and the standards applicable thereto, including the best interests of creditors; and

2) Sanctioning Blue Cross for its abuses of discovery by dismissing all of their claims with prejudice by imposing a monetary sanction upon Plaintiff equal to the value of the Jemsek Defendants' enjoined counterclaims, and my awarding costs and attorneys fees; and by

3) Granting such further relief as is just and proper.

This is the 4th day of January, 2010.

*/s/ A. Cotten Wright*
A. Cotten Wright (State Bar No. 28162)
Grier Furr & Crisp, PA
101 North Tryon Street, Suite 1240
Charlotte, NC 28246

82167                                3

(704) 375-3720 Telephone
(704) 332-0215 Facsimile
cwright@grierlaw.com

*Attorneys for Joseph G. Jemsek, M.D.*

<u>/s William D. Blakely</u>
William D. Blakely
Lauren DeSantis-Then
POLSINELLI SHUGHART PC
1152 15th Street, NW, Suite 800
Washington, DC  20005
Telephone:  (202) 783-3300
Facsimile:  (202) 783-3535
WBlakely@Polsinelli.com
LDesantis@polsinelli.com

*Attorneys for Joseph G. Jemsek, M.D. and the Jemsek Clinic, P.A.*

And

Travis W. Moon
Hamilton Moon Stephens Steele & Martin, PLLC
201 S. College Street, Suite 2020
Charlotte, NC 28244
704-344-1117

*Attorneys for the Jemsek Clinic, P.A*

82167                                       4

# EXHIBIT A

Case 07-03006    Doc 152    Filed 01/04/10    Entered 01/04/10 17:06:40    Desc Main
Document      Page 5 of 13

EXHIBIT A



**HOGAN & HARTSON**

Hogan & Hartson LLP
Park Place II
7930 Jones Branch Drive
McLean, VA 22102-3302
+1.703.610.6100 Tel
+1.703.610.6200 Fax

www.hhlaw.com

December 7, 2009

Emily M. Yinger
Partner
703.610.6161
EMYinger@hhlaw.com

*VIA E-MAIL AND FACSIMILE*

William D. Blakely
Lauren DeSantis-Then
Polsinelli Shughart PC
1152 Fifteenth Street, NW, Suite 800
Washington, DC 20005
Facsimile: (202) 783-3535

Travis W. Moon
Hamilton Moon Stephens Steele & Martin, PLLC
201 S. College Street, Suite 2020
Charlotte, NC 28244
Facsimile: (704) 344-1483

A. Cotten Wright
Grier Furr & Crisp, PA
101 North Tryon Street, Suite 1240
Charlotte, NC 28246
Facsimile: (704) 332-0215

**Re:** *In re: Jemsek Clinic, P.A.,* U.S. Bankruptcy Court, Western District of North Carolina, No. 06-31766, Adversary Proceeding No. 07-3006 and *In re: Joseph Gregory Jemsek,* U.S. Bankruptcy Court, Western District of North Carolina, No. 06-31986, Adversary Proceeding No. 07-3008.

Dear Counsel:

The motion recently filed on behalf of your clients, Joseph G. Jemsek, M.D. and the Jemsek Clinic, P.A. ("Jemsek"), seeking reinstatement of Jemsek's counterclaims against Blue Cross Blue Shield of North Carolina ("BCBSNC") in the above-referenced action is a clear violation of permanent injunction orders issued by the U.S. District Court for the Southern District of Florida. Unless the motion is withdrawn by December 21, 2009, and all efforts to prosecute or otherwise recover on claims released by the Settlement Agreement are ceased, BCBSNC will move to hold Jemsek and its attorneys and their firms in contempt and seek appropriate sanctions.

December 7, 2009
Page 2

As you know, on April 18, 2008, Judge Federico Moreno of the U.S. District Court for the Southern District of Florida gave final approval to the settlement agreement in *Love, et al. v. Blue Cross and Blue Shield Ass'n, et al.*, Case No. MDL No. 1286, 03-21296-CIV-MORENO (the "Final Order"). Judge Moreno's Final Order permanently enjoined the settling class members from "filing, commencing, prosecuting, intervening in, participating in (as class members or otherwise)…any lawsuit…in any jurisdiction based on any or all Released Claims against one or more Released Parties….amending a pleading in…any action or arbitration…in any jurisdiction against one or more Released Parties based on, involving, or incorporating…any or all Released Claims…." The Final Order specifically states that breach of the order constitutes irreparable harm entitling BCBSNC to injunctive relief.

Judge Moreno retained "exclusive jurisdiction and authority to consider, rule upon, and issue a final order with respect to proceedings…which may be instituted…with respect to" to the Settlement Agreement. Moreover, the members of the settling class "irrevocably submit[ted] to the exclusive jurisdiction and venue of the United States District Court for the Southern District of Florida for any suit, action, proceeding, case, controversy or dispute relating to" the settlement agreement.

On September 3, 2008, Judge Moreno ruled that Jemsek was a member of the settling class and that its counterclaims for breach of contract, breach of implied covenant of good faith and fair dealing, quantum meruit, violation of the North Carolina Unfair and Deceptive Trade Practices Act, and fraudulent and negligent misrepresentation, which were asserted against BCBSNC in the above-referenced action, were released under the settlement agreement. Judge Moreno ordered Jemsek to withdraw the released counterclaims and all factual allegations related to those causes of action (the "Injunction Order"). Earlier this year, the U.S. Court of Appeals for the Eleventh Circuit affirmed Judge Moreno's order.

Although Jemsek initially complied with the Injunction Order and withdrew the released counterclaims, your recently filed motion asking the bankruptcy court to "strike settlement" of those claims and reinstate the claims in the above-referenced action is a clear violation of Judge Moreno's Final Order and his Injunction Order. Unless the motion is withdrawn by December 21, 2009, BCBSNC will ask the U.S. District Court for the Southern District of Florida to hold Jemsek and its attorneys and their firms in contempt. Additionally, BCBSNC will ask the Court to order that Jemsek's attorneys and their firms pay BCBSNC's attorneys' fees and costs in responding to the motion in both the district court and the bankruptcy court.

Sincerely,

Emily M. Yinger

# EXHIBIT B

## William Blakely

**From:** Yinger, Emily M. [EMYinger@HHLAW.com]
**Sent:** Sunday, December 27, 2009 8:36 PM
**To:** 'ldoherty@kilpatrickstockton.com'
**Cc:** William Blakely
**Subject:** Re: Haven't heard from you

Bill,

I am sorry to learn of your difficult situation. If this series of events has interfered with your ability to fully discuss the outstanding issues with your client or co-counsel, we would certainly agree to put off filing our motion in the Southern District of Florida for another week, provided that your side agrees that it will not seek to use this delay to BCBSNC's detriment. I am hopeful that with due consideration of Judge Moreno's ruling as affirmed by the 11th Circuit you will agree that your client should withdraw the motion to reinstate his claims, which in turn would make our motion moot. 

I am on vacation this week but can be reached from time to time tomorrow by email or by cell phone (301) 518 9330.

I hope that your mother in law recovers speedily and that your family has a happy and healthy new year.

Emily Yinger

Under applicable Treasury Regulations we are required to inform you that any advice contained in this e mail or any attachment hereto is not intended or written to be used, and cannot be used, either (i) to avoid penalties imposed under the Internal Revenue Code, or (ii) for promoting, marketing, or recommending to another party any tax-related matter addressed herein.

---

**From:** Doherty, Lou <LDOHERTY@KilpatrickStockton.com>
**To:** Yinger, Emily M.
**Cc:** 'wblakely@polsinelli.com' <wblakely@polsinelli.com>
**Sent:** Sun Dec 27 15:19:18 2009
**Subject:** Fw: Haven't heard from you

Emily, please see email exchange below with Bill Blakely, who now evidently is in Wisconsin. He asked that I forward this to you and advise that he will try to reach you tomorrow by telephone.

Bill, good luck to your mother-in-law and your wife.

Lou

---

**From:** William Blakely
**To:** Doherty, Lou
**Cc:** Lauren DeSantis
**Sent:** Sun Dec 27 15:46:42 2009
**Subject:** Re: Haven't heard from you

Thank you Lou. I also hope you had a wonderful Holiday

My trip ti the Midwest was cnx due to weather but I am here now near Green Bay, in the hospital, actually, with my Mother-in-law who yesterday had as it turned out a mild stroke. Left DC at 5 pm arriving near Green Bay at 1 am. Long, very long day

So I appreciate your comment and will call her tomorrow. Will you please send her this e mail and tell her I will speak with her tomorrow and will discuss this issue with her directly. Thank you. BB

---

**From:** Doherty, Lou
**To:** William Blakely
**Sent:** Sun Dec 27 13:37:03 2009
**Subject:** Re: Haven't heard from you

Bill, thanks for the holiday greeting. I am still enjoying a long weekend.

I will be back in Winston tonight and in the office tomorrow. But I think the most efficient thing would be for you to call Emily Yinger tomorrow and address the subject with her directly (such as what is your current thinking after reviewing the issues further).

I hope your travels went smoothly and that you enjoyed a nice holiday with your family and your wife's family.

Lou

---

**From:** William Blakely
**To:** Doherty, Lou
**Cc:** 'Cotten Wright' ; Lauren DeSantis
**Sent:** Thu Dec 24 14:40:29 2009
**Subject:** Haven't heard from you

Lou, I hope you are having a warm and restful holiday. I have not heard from you regarding my request to Ms. Yinger. You may recall that you /Ms. Yinger/and or Ms. Dawson were going to consider giving us another week so we can get through this holiday period. What is the response of BXBS? Thanks. Bill

This electronic mail message contains CONFIDENTIAL information which is (a) ATTORNEY - CLIENT PRIVILEGED COMMUNICATION, WORK PRODUCT, PROPRIETARY IN NATURE, OR OTHERWISE PROTECTED BY LAW FROM DISCLOSURE, and (b) intended only for the use of the Addressee(s) named herein. If you are not an Addressee, or the person responsible for delivering this to an Addressee, you are hereby notified that reading, copying, or distributing this message is prohibited. If you have received this electronic mail message in error, please reply to the sender and take the steps necessary to delete the message completely from your computer system.

---

IRS CIRCULAR 230 DISCLOSURE: Unless expressly stated otherwise, any U.S. federal tax advice contained in this e-mail, including attachments, is not intended or written by Polsinelli Shughart PC to be used, and any such tax advice cannot be used, for the purpose of avoiding penalties that may be imposed by the Internal Revenue Service.

***DISCLAIMER*** Treasury Department Circular 230 Disclosure: To ensure compliance with requirements imposed by the Treasury Department, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and

1/4/2010

cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

This electronic message transmission contains information from this law firm which may be confidential or privileged. The information is intended to be for the use of the individual or entity named above. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited.

If you have received this electronic transmission in error, please notify us by telephone (+1-202-637-5600) or by electronic mail (PostMaster@HHLAW.COM) immediately.

1/4/2010

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

| | | |
|---|---|---|
| **In re:** <br><br> **JEMSEK CLINIC, P.A.,** <br><br> Debtor. | ) <br> ) <br> ) <br> ) <br> ) | Case No.: 06-31766 <br> Chapter 11 <br> Judge J. Craig Whitley |
| **In re:** <br><br> **JOSEPH GREGORY JEMSEK** <br><br> Debtor. | ) <br> ) <br> ) <br> ) <br> ) <br> ) | Case No.: 06-31986 <br> Chapter 11 <br> Judge J. Craig Whitley |
| **BLUE CROSS AND BLUE SHIELD OF NORTH CAROLINA,** <br><br> **Plaintiff,** <br> **Counterclaim Defendant and** <br> **Counterclaim Plaintiff,** <br> **v.** <br><br> **JEMSEK CLINIC, P.A. and JOSEPH G. JEMSEK, M.D., an individual** <br><br> **Defendants,** <br> **Counterclaim Plaintiffs and** <br> **Counterclaim Defendants.** | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Adversary Proceedings <br> No. 07-03006 (consolidated with No. 07-03008) |

**CERTIFICATE OF SERVICE**

I hereby certify that on January 4, 2010, true and correct copies of the foregoing *Defendants' Amendment to Defendants' Motion for (1) An Order Striking Settlement of Jemsek Defendants' Counterclaims; (2) for an Order Reinstating Defendants' Counterclaims; and (3) for Sanctions* were served either by electronic transmission or first class mail on each of the parties listed below:

Louis W. Doherty
Kilpatrick Stockton LLP
1001 West Fourth Street
Winston-Salem, North Carolina  27101-2400
LDOHERTY@KilpatrickStockton.com

2

Linda Simpson
U.S. Bankruptcy Administrator
Via electronic service

                                */s/ A. Cotten Wright*
                                A. Cotten Wright
                                **GRIER FURR & CRISP, PA**
                                101 North Tryon Street, Suite 1240
                                Charlotte, NC  28246

82167